Report of Committee.
In Assembly, January 16, 1847.
Mr. Smith, from, the committee on privileges and elections, to which was referred the petition of sundry citizens of -the county of Westchester, asking that the seat occupied by James E. Beers in this House, be given to John R. flay ward, reported against the prayer of the petitioners, as follows:
Report .of the Committee on Privileges and Elections on ti-ie Petition of Thomas Hopps and others, praying that John R. Hayward, OF THE COUNTY OF WESTCHESTER, BE ADMITTED TO THE SEAT in the House of Assembly now occupied by James E. Beers.
Mr. T. Smith, from the committee to whom was referred the petition of Thomas Hopps and others, praying that John R. Hayward may be admitted to the seat in this House now occupied by James E. Beers, reports:
That they have had the same under consideration; that the said James E. Beers appeared before your committee, and that the said John R. Hayward did not appear either as a petitioner in person or by counsel.
The only evidence offered before your committee, will be found in *181 the papers and documents accompanying said petition. From these two questions appear to be raised in relation to the said election.
1st. It is insisted on the part of said petitioners, that Andrew Findley, who acted as chairman of the board of county canvassers and signed the certificate of election, giving to the said Janies E. Beers a seat upon the floor of this House, was neither a lawful member of said board, nor was he the lawful supervisor of the town of Westchester at the time said election was held, and at the time of making said official canvass, as he claimed and was declared to be by said board of county canvassers.
2d. That the certificate of the board of inspectors of the fourth election district, in the town of Bedford was not signed by the said inspectors, and yet was allowed by the board of county canvassers. And that if the same had been rejected, the said John B. Hayward would have had a majority of the remaining votes cast.
The first question appears to grow wholly out of the act of the last Legislature of this State, passed May 13th, 1846, dividing the old town of Westchester into two towns, viz.: Westchester and West-farms. That act provided for the holding of town meetings in each of said towns on the first Monday of June then next following.
It appears from the evidence, that no town meeting was held in either of said towns on the day specified in said act for holding the same, but it appears that on the 30th day of June of the same year, a town meeting was held in the new town of Westchester, at which one Israel H. Watson was declared to be elected supervisor of said new town of Westchester. That no town meeting was held and no organization .had in the other part of the old town called Westfarms.
It further appears, that Andrew Findley (who resides in that portion of the town hereafter to be called Westfarms) was duly elected supervisor of the old town of Westchester, at the annual town meeting held in said town on the 7th day of April, 1846, and was duly qualified and acted as such supervisor.
That no new election districts had been formed in either of said new towns, but that the election in said old town of Westchester was conducted in all respects as if the act creating said new towns had not been passed.
It further appears, that at the meeting of said board of county canvassers, the said Andrew Findley and Israel H. Watson, both appeared and claimed seats as members of said board, and that said board decided in favor of admitting said Andrew Findley, who wa$ *182 subsequently made chairman thereof and sigued the certificate of said board of county canvassers as such chairman.
In view of all these facts and circumstances your committee are unanimously of opinion that the board of county canvassers decided correctly in admitting the said Andrew Findley to a seat in that board, as supervisor of the town of Westch ester. That it is hardly necessary to- inquire how far the proceedings of the town meeting held in that part of the old town of Westchester, which is to retain the old name, on the 30th of June, are valid; that inasmuch as neither of the new towns had organized in pursuance of the act creating them, at the time the last animal election was held, there was no other alternative left but to hold the said annual election in the old town without regard to said division, or to allow the electors to be deprived of their right of suffrage. '
In relation to the second question, your committee are aware that the statute in relation to elections requires the certificate of the inspectors in each election district to be signed by them, and when not so signed, it is made th,e duty of the board of county canvassers to cause the same to be returned to said inspectors, to be corrected by them ; but they regard this provision as directory, and inasmuch as there is no pretence but what that certificate of the inspectors of the fourth election district in the town of Bedford was correct, and contained a true statement of the votes cast in said district, your committee are of the opinion that said omission affords no good ground for reversing the decision of said board of county canvassers, and' your committee, therefore, unanimously, recommend the following resolution:
Resolved, That John R. Hayward is not entitled to the seat as member of Assembly/now occupied by James E. Beers, and that the petitioners have leave to withdraw their petition.
Resolved, That James E. Beers is entitled to the seat now occupied by him, as member of the Assembly from the county of West-chester.
All which is respectfully submitted.
THOMAS SMITH.
ROBERT I). WATSON.
N. RAPLEE.
ARDEN WOODRUFF.
A. S. ITPHAM.
Jamiary 16, 1847.
Assembly Documents, 1847, vol. 1, No. 29.
*183 Report Adopted. — Me. Bebes Retains iiis Seat.
Mr. Speaker put the question whether the House would agree to the said first resolution, and it was determined in the affirmative.
Mr. Speaker then put the question whether the House would agree to the said second resolution, and it .was determined in the affirmative.
Assembly Journal, 1847, vol. 1, pages 101, 102.